UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                         :

ESTENLLER JESUS ROJAS-GONZALEZ,      :

                                         :

                    Petitioner,      :

          -against-            :       26-CV-895

                                         :

PAM BONDI, *Attorney General of the United*   :    **ORDER GRANTING**
*States*; KRISTI NOEM, *Secretary of the*       :    **PETITION FOR WRIT**
*Department of Homeland Security,* TODD M.   :    **OF HABEAS CORPUS**
LYONS, *Acting Director, United States*       :
*Immigration and Customs Enforcement, in their*  :
*official capacities,* BRIAN FLANAGAN, *Acting*   :
*Deputy Field Office Director for ICE in New York*  :
*City Area, in their official capacities,*      :

                                         :

                 Respondents.    :
-------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

Petitioner Estenller Jesus Rojas-Gonzalez is presently detained by

Respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York.

He is a Venezuelan national who has resided in the United States since July 2003.

Petitioner was placed into removal proceedings after being apprehended by Customs

and Border Patrol on July 4, 2023, upon entering the United States. He filed an

asylum application on June 6, 2024 — still pending with the Varick Immigration

Court — and has a removal hearing scheduled for February 27, 2026. Petitioner was

detained and taken into Respondents' custody on January 26, 2026, while riding with

a friend to go shopping.

On February 16, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (the "Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights, and seeking declaratory relief and entry of an order directing his immediate release from detention.

On February 17, 2026, the Court issued an Order, ECF No. 4, directing Respondents to file, by 12:00 PM on February 18, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from the Court's decision in *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025), or from any other prior decisions issued by the undersigned in this area of law. The Court further directed that, if Respondents asserted no basis to distinguish this Petition from the Court's analysis in *Hyppolite* or another decision of this Court, the submission could take the form of a letter so stating, and indicating whether Respondents oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal. Finally, the Court's February 17, 2026 Order directed Respondents, in the event they took the position that this case is distinguishable from *Hyppolite*, to respond to the Petition and to show cause

2

as to why it should not be granted on or before February 20, 2026 at 2:30 PM; to further affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those facts.

On February 18, 2026, the Court granted in part Respondents' motion to extend the time to file the aforementioned submission, and gave Respondents until to February 19, 2026 at 2:00 PM to file their initial response, in light of the government's representation that additional time was required to obtain and review the relevant facts and documentation required by the Court's Order.

In their letter response filed on February 19, 2026 at 1:54 PM, ECF No. 6, Respondents have averred that they are presently detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A). ECF No. 6 at 2.

Petitioner has alleged, and Respondents do not dispute, that Respondents did not provide him with a pre-detention bond hearing, *see* Petition ¶ 7, ECF No. 1 at 2, which this Court found in *Hyppolite* is required for persons similarly situated to Petitioner.

Accordingly, as it did in *Hyppolite,* the Court finds that Petitioner has established that his detention violates his Fifth Amendment right to procedural due

3

process, because Petitioner has lived in the United States for nearly 23 years (*i.e.,* since July 2003) and is therefore entitled to an individualized, pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a). *See Hyppolite*, 2025 WL 2829511, at *12–16; *see also, e.g., Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at *8 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 498–99 (S.D.N.Y. Aug. 13, 2025); *Rodriguez v. Bostock*, No. 25 CV 05240 (TMC), 2025 WL 2782499, at *16–26 (W.D. Wash. Sep. 30, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at *6–13 (N.D. Cal. Sep. 12, 2025); *Belsai D.S. v. Bondi*, No. 25 CV 3682, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (collecting cases). Similarly, the Court finds that Petitioner has established that the mandatory detention provision of 8 U.S.C. § 1225(b)(2) relied upon by Respondents to justify the legality of Petitioner's detention is inapplicable here, because Petitioner is not "seeking admission" under Section 1225.

The Court hereby incorporates by reference its earlier analysis of these issues in *Hyppolite*, 2025 WL 2829511, at *6–16. Given that neither the Second Circuit nor the United States Supreme Court has yet to address this precise question, the Court adheres to the reasoning of its earlier decision and the near-unanimous conclusion reached by hundreds of other district courts nationwide who have considered the

issue to date. *Cf.* Resp., ECF No. 6 at 2 n.2 (citing the decisions of two district courts within the Second Circuit adopting Respondents' analysis).

The Court also finds that Petitioner has established that his detention without a pre-deprivation bond hearing violates his right to procedural due process under the Fifth Amendment to the United States Constitution. *See, e.g., Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (noting that "the most significant liberty interest" recognized under the Constitution is "the interest in being free from imprisonment"). The Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which applies when courts in the Second Circuit are called upon to determine "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**. It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 10:00 AM on Friday, February 20, 2026.**

In light of the fact that Petitioner is presently being held in MDC in Brooklyn, New York, it is further **ORDERED** that **counsel for Respondents shall keep Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody**, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 1:00 PM on that same date (Friday, February 20, 2026),** confirming that Petitioner has been released from custody.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court and without notice and an opportunity to be heard at a pre-deprivation bond hearing, at which Respondents will bear the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

The Court's earlier order scheduling a hearing for February 24, 2026 is hereby vacated in light of the Court's resolution of the merits of the petition. Petitioner's counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.

**SO ORDERED.**

Dated:  February 19, 2026  
       Brooklyn, New York

*/s/ Nina R. Morrison*  
Nina R. Morrison  
United States District Judge